IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRAVIS MCKINNEY,

    Petitioner,

v.                                                  CASE NO. 5:17-cv-209-MCR-GRJ

STATE OF FLORIDA,

    Defendant.

_____/

# AMENDED REPORT AND RECOMMENDATION[1]

This matter is before the Court on ECF No. 1, Plaintiff's handwritten "Petition for Writ of Mandamus." Plaintiff has neither paid the $400.00 civil case filing fee nor filed a motion for leave to proceed as a pauper. Because it is clear that this case is due to be dismissed, the Court will not require Plaintiff to correct these deficiencies.

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

---

[1] This report and recommendation has been amended only to include notice of the opportunity to object, which inadvertently was not included in the original report and recommendation. ECF No. 3

§ 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937*).*

Plaintiff is currently confined at Holmes Correctional Institution. Plaintiff seeks a writ of mandamus to compel the Circuit Court of the Second Judicial Circuit in and for Wakulla County to rule on his Motion for Postconviction Relief Pursuant to Rule 3.850, which he filed on March 3, 2017. He also seeks a writ of mandamus to compel the State Attorney and Clerk of the Court to act on his Freedom of Information/Public Records request. (ECF No. 1.)

Under 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Relief under 28 U.S.C. § 1361 is a drastic one and is reserved for extraordinary and clearly compelling situations. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Lovallo v. Froehike*, 346 F. Supp. 1037, 1040 (W.D.N.Y. 1972), *aff'd*, 468 F.2d 340, *cert denied*, 411 U.S. 918 (1973).

The Supreme Court "has recognized that the writ of mandamus 'has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Daiflon*, 449 U.S. at 34 (first quoting *Will v. United States*, 389 U.S. 90, 95 (1967); then quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). For a court to issue a writ of mandamus, the party seeking the writ must "have no other adequate means to attain the relief he desires" and "satisfy the 'burden of showing that [his] right to issuance of the writ is "clear and indisputable."'" *Id.* at 35–36 (first quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953); then quoting *United States v. Duell*, 172 U.S. 576, 582 (1899)).

Plaintiff has failed to make the necessary showing because he has failed to show that he has no other adequate means to obtain the relief he seeks. With regard to the circuit court ruling on his Rule 3.850 Motion, Petitioner's motion has only been pending for six months. Petitioner should, therefore, wait for the circuit court to rule on his motion. With regard to his public records request, Plaintiff is requesting sworn testimony from an individual related to a state-court case. Thus, Plaintiff's remedy is to seek production of the information by way of a discovery request in that case. The Court does not have authority to order the State Attorney to produce this information for him. If the case at issue is Plaintiff's state criminal case for which he is presently incarcerated, Plaintiff may be able to obtain the necessary case records by contacting his counsel in that case.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Petition for Writ of Mandamus, ECF No. 1, should be **DENIED** and this case closed.

**DONE AND ORDERED** this 17th day of August 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**